IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:14-CV-29-FL

| | |
|---|---|
| GLENN HENDERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| SONY PICTURES ENTERTAINMENT; | )   ORDER |
| DAVID MCKENZIE; KIM RUSSO; | ) |
| SCHMID & VOILES; KATHLEEN | ) |
| McCOLGAN, ESQ.; ROSEN & SABA, | ) |
| LLP; JAMES ROSEN, ESQ.; and ADELA | ) |
| CARRASCO, ESQ., | ) |
| | ) |
| Defendants. | ) |

This matter comes before the court on defendants' motion to dismiss plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), (2), and (6) (DE 11). For reasons given the court GRANTS the motion.

## BACKGROUND

Plaintiff, proceeding *pro se*, initiated this case by complaint filed January 22, 2014. In it, plaintiff states that defendants instituted an action against him in state court, seeking a restraining order against him. Compl. at 1.[1] In apparent response to an order, or orders, entered by the state court, police came to plaintiff's house when he was not home and took a rifle that he owned. Id.

Plaintiff states that defendants instituted their state court action against him based upon three statements he made in filings in the case of <u>Henderson v. Town of Hope Mills, et al.</u> No. (5:13-cv-

---

[1] Plaintiff's complaint does not contain numbered paragraphs. Accordingly, the court's references thereto note the page of the complaint upon which the cited allegations are made.

635-FL), a previous action filed in this court. The first statement was that

> [t]his case will be my last attempt at resolving this in civil court, unless the case is dismissed without prejudice so that I can go to another court. If that does not happen, I will try citizen's arrest. If any of them try or lead me to believe they are trying to kill me or cause me great harm, then I have the right to defend myself up to and including killing them. I will exercise that right to the best of my ability. If anyone tries to stop me, they will be obstructing justice. I will try citizen's arrest on them.

Id. The second was that plaintiff would "keep fighting." Id. at 2. The third was plaintiff's statement that defendants

> are lucky I have not gotten a gun and shot all of them I could. I do not want to do that. I have promised myself that if I ever get to the point I want to shoot anyone, then I will go to a hospital psychiatric unit or emergency room for help and to check in. If the defendants have done this or will do this to someone, they will be lucky if no one gets a gun and shoots them.

Id. Plaintiff seeks, in this case, a declaration that these statements were legal. Plaintiff also asserts that the removal of his rifle from his home based upon these statements violated his right under the First, Second, and Fourth Amendments to the Constitution.

Defendants responded, after the deadline so to do had passed, with the instant motion to dismiss. Defendants assert, first, that this court lacks subject matter jurisdiction where (1) plaintiff fails to raise a substantial federal question; (2) even if he claims constitutional violations, the facts alleged show that this court lacks subject matter jurisdiction; and (3) plaintiff is essentially seeking appellate review in this court of a state court order, which is barred under the Rooker-Feldman doctrine. Defendants also contend that this court lacks personal jurisdiction over defendants Schmid & Voiles; Rosen Saba, LLP; Kim Russo; Kathleen McColgan; James Rosen; and Adela Carrasco. Finally, defendants assert that plaintiff has failed to state a claim upon which relief can be granted.

The same day, defendants filed a motion for a pre-filing injunction, requesting that this court enjoin plaintiff from filing, without leave of court, any action involving any claims against these

2

defendants related to, or arising out of, plaintiff's employment with defendant Sony Pictures Entertainment ("Sony") or any litigation related thereto, including all matters addressed in any prior North Carolina case, state or federal, without leave of court. Defendants request that this injunction apply to all federal courts in the United States of America.

Finally, together with these motions, defendant filed a motion to deem their motions as timely filed (DE 17). For his part, plaintiff filed a motion for entry of default and default judgment (DE 23). On August 1, 2014, the court entered order granting plaintiff's motion to deem their motion to dismiss and motion for prefiling injunction as timely filed and denying plaintiff's motion for default. The court turns now to the motion to dismiss. Defendants' motion for prefiling injunction will be taken up by a separate order to follow.

## COURT'S DISCUSSION

A Rule 12(b)(1) motion challenges the court's subject matter jurisdiction, and the plaintiff bears the burden of showing that federal jurisdiction is appropriate when challenged by the defendant. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Such a motion may either assert the complaint fails to state facts upon which subject matter jurisdiction may be based or attack the existence of subject matter jurisdiction in fact, apart from the complaint. Adams, 697 F.2d at 1219. The latter type of attack is used when a court's limited jurisdiction precludes hearing the case brought. Id. Since the court's power to hear the case is at issue in a Rule 12(b)(1) motion, the court is free to weigh the evidence to determine the existence of jurisdiction. Id.

In this case, plaintiff attempts to litigate questions regarding the legality of his statements and, presumably as a corollary, the propriety of actions taken by police in apparent response to a

3

court order, together with the propriety of that order.  However, plaintiff asserts his claims against defendants, all of whom are private parties.  "The Bill of Rights is a negative proscription on *public* action-to simply apply it to *private* action is to obliterate a fundamental fact of our political order." Holly v. Scott, 434 F.3d 287, 291 (4th Cir. 2006).  Actions taken by defendants in pursuing a state court action against plaintiff do not subject them to liability for constitutional claims.[2]  Thus, the court has no jurisdiction over this action.

"Subject-matter jurisdiction . . . is an [Article] III as well as a statutory requirement; it functions as a restriction on federal power, and contributes to the characterization of the federal sovereign."  Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982). Because a federal court's subject matter jurisdiction is created and limited by Article III and federal statutes, "no action of the parties can confer subject-matter jurisdiction upon a federal court."  Id.

A federal court has an independent obligation to assess its subject matter jurisdiction, and it will "raise a lack of subject-matter jurisdiction on its own motion."  Id.  If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action.  Ruhrgras AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999) ("subject matter delineations must be policed by the court on their own initiative even at the highest level").  It is axiomatic that a court must have subject matter jurisdiction over a controversy before it can render any decision on the merits.

This action cannot proceed where this court is without subject matter jurisdiction.  Under law, the case must be and is dismissed.

---

[2] Indeed, it is unclear under what mechanism plaintiff would bring these claims as he specifically notes in his response in opposition to the instant motion to dismiss that he "was not referring to federal section 1983" in his complaint. Pl.'s Resp. Opp'n 4.

## CONCLUSION

Based on the foregoing, the court GRANTS defendants' motion to dismiss (DE 11). A separate order on defendants' motion for prefiling injunction shall follow.

SO ORDERED, this the 23rd day of September, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge

5